UNITED STATES of America, Plaintiff-Appellee,

v.

Richard Lee TREVATHAN, Defendant-Appellant.

No. 18935.

United States Court of Appeals Sixth Circuit.

Sept. 25, 1969.

---

Wayne S. Taylor (Court Appointed), Nashville, Tenn., for appellant.

Carlton H. Petway, Nashville, Tenn., Gilbert S. Merritt, Jr., U. S. Atty., Alfred H. Knight, III, Asst. U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

This is an appeal from a judgment of conviction entered by the District Court on a jury verdict finding appellant, who had been classified 1-A, guilty of wilful failure to comply with an order of his local draft board to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462 (1948). The only question which appellant presents is whether he had been denied the right to appeal a previous 1-A-O classification to the appeal board as provided in 32 C.F.R. § 1626.1 et seq.[1]

Appellant is a Jehovah's Witness. On March 25, 1964, his selective service file was opened and he was classified 1-A-O (conscientious objector available for non-combatant military service). On April 21, 1964, he requested and was granted a personal appearance in connection with his claim for a IV-D ministerial exemption. This classification was granted by his local draft board after it was satisfied by evidence that appellant had been accepted into his church's "pioneer ministerial program". On July 22, 1966, he sent a letter to his local board advising it that because of a leg operation which had disabled his father he had given up his Pioneer status and had accepted secular employment. Upon receipt of this letter, the board classified him 1-A-O again and he did not appeal this classification.

He was thereafter ordered to report for induction on April 13, 1967, at Memphis, Tennessee. Appellant presented himself on that date but refused to submit to induction. His local board classified him 1-A (available for military service) as a delinquent and, on August 28, 1967, sent him notice of this classification. He was then ordered to report for induction on November 13, 1967, at Nashville, Tennessee. He again presented himself but refused to submit to induction and was subsequently indicted and convicted for this refusal. This appeal followed.

■ Appellant contends that he was told by the chairman of his local draft board that he would not be entitled under the selective service law to a IV-D classification if he engaged in secular work of any kind. He argues that this advice, which the Government concedes is erroneous, effectively denied him the right to appeal his second 1-A-O classification by convincing him that such an appeal would be a futile act. This argument was not presented to the trial court, however, and we cannot consider it on appeal unless the District Court's failure

1. Before the District Court, appellant argued, inter alia, that he had been denied the right to appeal his 1-A reclassification. See appellant's motion for judgment of acquittal which is set forth in the appendix to his brief at 4. He did not renew this contention on appeal, however, and it appears to be without merit.

to render judgment of acquittal on this basis constituted plain error under Rule 52(b), Fed.R.Crim.P. We hold that it did not.

Appellant admitted that he had received a notice from his draft board informing him of his right to appeal the 1–A-O classification and he testified that his failure to exercise this right was due to his own negligence.[2] Furthermore, although it is not required for our decision, we note our agreement with the District Court that there was a basis in fact for appellant's 1–A-O reclassification.[3]

■ Although appellant did not challenge his 1–A classification in the District Court, or in his original brief on appeal, he has filed a supplemental brief in which he contends the 1–A classification was not made in accordance with the regulations of the Selective Service System. Appellant points out that 32 C.F.R. § 1642.10 (1967) provides that before a delinquent can be placed in Class 1–A or ordered to report for induction, his local board must declare him to be a delinquent pursuant to 32 C.F.R. § 1642.4 (1956). This latter section provides in part:

(a) Whenever a registrant has failed to perform any duty or duties required of him under the selective service law *other than* the duty to comply with an Order to Report for Induction * * *, the local board may declare him to be a delinquent. (Emphasis added).

On the other hand, 32 C.F.R. § 1642.41 (1941) provides that every registrant who refuses to comply with an order to report for induction shall be reported promptly to the United States Attorney.

Appellant was classified 1–A on April 20, 1967, only three days after his first refusal to submit to induction. Appellant contends that since no new information was before the Board on the date of the 1–A classification, it must have been based on an improper application of the delinquency regulations and was therefore invalid.

A review of the record, however, reveals that upon the advice of the Deputy State Selective Service Director the local board reopened appellant's file after the April 20, 1967 classification. The Board then again classified appellant 1–A on August 25, 1967. This latter classification may have been based on new information acquired by the Board. In any event, it was necessary that appellant exhaust his administrative remedies in order to preserve judicial review of any contentions of error regarding this classification.[4] *See* Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). His failure to do so would preclude us from considering this issue even if it had been properly presented to us.

The judgment of the District Court is affirmed.

2. Appellant testified as follows:
   Q. * * * why is it that you did not request a personal appearance when you were classified 1–AO?
   A. "Well, the reason isn't really clear. It was really negligence, I would say, is all I can call it. I was engaged at that time in moving and—
   
   * * * * *
   
   Nevertheless, the 4–D was taken away and I was given 1–AO, and I supposed it was because that now I was living in Memphis had one thing to do with it. I was engaged down there and looking for a new secular work. I did not get around to appealing or asking for another personal appearance. Therefore, I was eventually called for induction.

3. The District Court made this determination in its order, entered on July 15, 1968, denying appellant's motion for acquittal.

4. A copy of the notice from appellant's draft board informing him of his right to appeal his 1–A classification appears in appellant's selective service file at 65. This file was admitted into evidence as "Plaintiff's Exhibit No. 6".